IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARIS KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | 1:21-cv-01791-JPC |
| ) | |
| AMAZON.COM, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### DEFENDANT AMAZON.COM, INC.'S RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COMES NOW, Defendant Amazon.com, Inc.[1] ("Amazon") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, and files this Motion for Partial Judgment on the Pleadings. Specifically, Amazon moves the Court to dismiss Count Two of Plaintiff's Complaint, in addition to all claims against all individual employees.

### INTRODUCTION

Plaintiff Paris King ("Plaintiff") filed a Complaint against Amazon alleging discrimination on the basis of her disability and/or sex. Plaintiff's Complaint is deficient on a number of grounds. As an initial matter, Plaintiff has failed to exhaust her administrative remedies on her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000*e et seq.* ("Title VII"), which acts as a

---

[1] Amazon notes for the record that the proper entity name is Amazon.com Services, LLC and requests that the case caption be amended accordingly.

complete bar to Plaintiff bringing those claims before the Court. In addition, Plaintiff has failed to make allegations sufficient to support a claim of sexual harassment or sex discrimination under Title VII. Count Two of her Complaint should be dismissed accordingly.

Furthermore, Plaintiff has improperly brought claims against individual employees under Title VII, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Ohio law. Neither Title VII nor the ADA provide for individual liability and such claims must be dismissed. Plaintiff's Complaint also ignores the recent changes to Ohio's anti-discrimination laws, which similarly prevent her from bringing state law employment discrimination claims against individual employees. In light of these deficiencies, and as explained further herein, Count Two of Plaintiff's Complaint in addition to any and all claims against individual employees must be dismissed.

## BRIEF FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff worked for Amazon at a facility in Euclid, Ohio beginning on or around April 2020 as an associate. (Doc. 1 at ¶¶ 11-13). On April 7, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination on the basis of her disability and failure to accommodate under the ADA. (*Id.* at ¶ 34). On June 30, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. (*Id.* at ¶ 36). On September 17, 2021, Plaintiff filed her Complaint in this action. (Doc. 1).

## ARGUMENT AND CITATION TO LEGAL AUTHORITY

Plaintiff's Complaint is procedurally and substantively deficient on a number of grounds and should be dismissed, in part, as described below. Under Fed. R. Civ. P. 12(c), a party "may

---

[2] For purposes of the instant Motion only, Amazon relies on the facts as set forth in Plaintiff's Complaint.

2

4874-7883-7508.3

move for judgment on the pleadings" any time "[a]fter the pleadings are closed—but early enough not to delay trial." In ruling on a motion under Rule 12(c), courts utilize "the same standard as a Rule 12(b)(6) motion for failure to state a claim." *Longoria v. Autoneum North American, Inc.*, 2015 WL 6658675, at *3 (N.D. Ohio Oct. 30, 2015). A motion for judgment on the pleadings should be granted if, accepting as true all "well-pleaded material allegations…the moving party is nevertheless clearly entitled to judgment" because "no material issue of fact exists." *Tucker v. Middleburg-Legacy Place*, 539 F. 3d 545, 549 (6th Cir. 2008). Indeed, to survive a 12(c) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Barany-Snyder v. Weiner*, 539 F. 3d 327, 332 (6th Cir. 2008).

### A. Plaintiff Has Not Exhausted Her Administrative Remedies on Her Title VII Hostile Work Environment Sexual Harassment Claim

Plaintiff has not exhausted her administrative remedies with regard to her Title VII hostile work environment sexual harassment claim (Count Two)[3]. "A Title VII plaintiff cannot bring a claim in federal court that was not first raised in an administrative charge." *Sheppard v. University of Akron*, 2019 WL 2437005, at *6 (N.D. Ohio, Jun. 11, 2019) (dismissing plaintiff's Title VII claim under Rule 12(b)(6)). The administrative exhaustion requirement ensures that the EEOC has "an opportunity to settle the dispute through conference, conciliation, and persuasion." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Allowing a plaintiff to bring claims

---

[3] While it is not clear in Plaintiff's Complaint, to the extent Plaintiff is attempting to allege a claim of discrimination on the basis of her sex under Title VII, such claims are similarly unsupported by Plaintiff's allegations. Plaintiff has not identified any adverse employment action or any similarly situated comparator employee who was treated more favorably than she was. *See, e.g., McEwen v. American Airlines Group, Inc.*, 2017 WL 1155514, at *3 (N.D. Ohio Mar. 27, 2017) (dismissing plaintiff's Title VII claims where plaintiff failed to provide allegations of a similarly situated comparator who was treated more favorably).

3

before the Court that have not been properly brought before the EEOC would "frustrate the EEOC's investigatory and conciliatory role." *Id.* at 362.

As an exhibit to her Complaint, Plaintiff attached her Charge of Discrimination. (Doc. 1, Ex. E1). It is clear from the face of the Charge that Plaintiff did not raise any Title VII claims—only disability claims under the ADA. On the charge form, Plaintiff only checks the box for "disability," but fails to check the box for "sex," indicating that she is only alleging claims of discrimination against Amazon based on her purported disability. (*Id.*) What's more, Plaintiff does not cite to or mention Title VII in the narrative of her charge. She indicates only that she "believe[s] that I was denied a reasonable accommodation and retaliated against due to my disability, in violation of Title I of the Americans with Disabilities Act of 1990 (ADA), as amended (ADAAA)." (*Id.*) While Plaintiff mentions in her Charge that she was "sexually harassed by a male co-worker" and reported this incident to management, she provides nothing more than this passing reference to a single incident. Under similar circumstances, courts have found this insufficient.

In *Younis v. Pinnacle Airlines, Inc.*, the Sixth Circuit affirmed summary judgment in favor of the defendant employer because plaintiff failed to exhaust his administrative remedies with respect to his hostile work environment claim. 610 F. 3d at 360. The court found that plaintiff's Charge, which contained "only discrete acts of alleged discrimination" including "three or four isolated comments by his peers that occurred over a three-year period," provided insufficient evidence of harassment that "unreasonably interfer[es] with [his] work performance and creat[es] an objectively intimidating, hostile, or offensive work environment." *Id.* at 362.

4

Here, Plaintiff's Charge is even more deficient as it contains only a passing reference to a single incident of alleged sexual harassment by a co-worker. Just as in *Younis*, Plaintiff's allegation of a conclusory and singular act by a co-worker is insufficient as a matter of law to establish that she exhausted her administrative remedies with respect to her hostile work environment claim.

In addition, notably, Plaintiff appears to concede in her Complaint that her Charge only puts forth allegations of discrimination based on disability. In her Complaint, Plaintiffs alleges: "Plaintiff filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC"), in which she alleged that Defendants had discriminated against her *because of her disability*." (Doc. 1 at ¶ 34) (emphasis added). Indeed, nowhere in her Complaint does Plaintiff allege that she properly exhausted her administrative remedies with regard to her hostile work environment claim under Title VII. Under the relevant case law, Plaintiff has failed to exhaust her administrative remedies for a claim of sexual harassment under Title VII. Count Two of Plaintiff's Complaint should be dismissed accordingly.

**B. Plaintiff's Allegations Do Not State a Claim of Hostile Work Environment Sexual Harassment**

Plaintiff's Title VII sexual harassment claim also fails because it is entirely unsupported by the conclusory allegations put forth in her Complaint. To state a claim for sexual harassment under Title VII, a plaintiff must allege "(1) that she was a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment unreasonably interfered with her work performance by creating a hostile, offensive, or intimidating work environment; and (5) that there is a basis for employer liability." *Nuesse v. Kline*, No. 3:09 CV 329, 2009 WL 1850319, at *3 (N.D. Ohio June 26, 2009). A plaintiff

5

cannot survive a motion to dismiss by simply making "conclusory allegations or legal conclusions masquerading as factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Nuesse*, 2009 WL 1850319, at *1 (quoting *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F. 3d 545, 548 (6th Cir. 2007)). Moreover, a plaintiff cannot survive a motion to dismiss by alleging only a single incident of discriminatory harassment rather than a hostile *environment*. *Longoria v. Autoneum North America, Inc.*, 2015 WL 6658675, *5 (N.D. Ohio Oct. 30, 2015).

In *Longoria*, this Court dismissed the plaintiff's hostile work environment claim because plaintiff's complaint failed to plausibly allege race-based harassment that was sufficiently severe or pervasive to qualify as a hostile work environment. *Id.* In support of his harassment claim, the plaintiff alleged that his coworker altered the background of his computer screen to display an image of a Mexican caricature. The court acknowledged that "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance," are all considerations in determining whether a plaintiff's harassment claim is actionable. In dismissing the plaintiff's claim on the defendant employer's motion for judgment on the pleadings, the court concluded that plaintiff's single claimed incident of discriminatory harassment was insufficient and "the law generally requires a hostile *environment*." *Id.* at 6. Indeed, "[a]n isolated episode, absent facts of extraordinary severity—which [plaintiff] has not alleged—does not constitute a hostile environment." *Id.*

6

Here, Plaintiff's pleadings are similarly insufficient to support her claim of sexual harassment. Indeed, the only allegation in Plaintiff's Complaint related to her sex harassment claim is that "[o]n or around November 2020 Plaintiff was sexually harassed by a male coworker." (Doc. 1 at ¶ 23). As exhibits to her Complaint, Plaintiff attached letters from her medical provider excusing her from work and vaguely mentioning "sexual harassment" (Doc. 1, Exs. C1-3). Plaintiff also included email correspondence in which Plaintiff claims "I was sexually harassed by someone: Happened in Nov or Dec of 2020-male name unknown. When this occurred, I asked the male harasser: Can I have your badge number=he said I was doing my job and he said u can put your hand in my pocket to get his I,D." (Doc. 1, Ex. D). This singular incident, which is the sole basis for Plaintiff's claim, is insufficient as a matter of law to overcome judgment on the pleadings. Plaintiff has failed to allege conduct that was sufficiently severe or pervasive to constitute a hostile work *environment. Longoria*, 2015 WL 6658675 at *6.

For this additional reason, Plaintiff's claim of sexual harassment under Title VII should be dismissed.

**C.    Plaintiff Has No Viable Claim Against Individual Employees Under the ADA, Title VII or Ohio Law**

In addition to her Title VII claims, Plaintiff has attempted to raise claims against individual employees, naming Amanda Corbin, John Does 1-3 and Jane Doe. This misguided attempt to impose individual liability has no basis in the law. It is well-established that neither the ADA nor Title VII allow for individual liability. *See, e.g., Wathen v. General Elec. Co.*, 115 F. 3d 400, 405 (6th Cir. 1997) (Title VII); *Czupih v. Card Pak Inc.*, 916 F. Supp. 687, 690 (N.D. Ohio, 1996) (ADA) (dismissing plaintiff's claims against individual defendant pursuant to Fed. R. Civ. P.

7

12(b)(6)). Plaintiff's federal discrimination claims against individual employees in Counts One and Two of her Complaint must, therefore, be dismissed.

While the state of the law surrounding individual liability under Ohio's anti-discrimination laws has, historically, been less clear, in recent years, this Court, in addition to a number of other courts in this Circuit, has held that O.R.C. § 4112(A) does not permit liability against individual employees. *See e.g., Rosecrans v. Village of Wellington*, 2016 WL 165450, at *5 (N.D. Ohio Jan. 14, 2016); *Parker v. Strawser Construction, Inc.*, 307 F. Supp. 3d 744, 752 (S.D. Ohio 2018) ("Accordingly, all claims against the individual defendants wherein they are alleged to have discriminated against Parker as an 'employer' under §4112.02(A) are not viable."). Furthermore, the Ohio legislature recently amended §4112 to explicitly prohibit individual liability. As of April 15, 2021, Ohio Revised Code §4112 no longer permits lawsuits against individuals who are not "employers" within the meaning of the statute. O.R.C. §4112.08(A). Any prior ambiguity has therefore been resolved. As such, Plaintiff's Ohio state law claims of disability discrimination (Count Three), filed with this Court on September 17, 2021, after the revisions to §4112 took effect, also cannot be sustained against any individual employees.

WHEREFORE, for the reasons stated herein, Amazon respectfully requests that the Court dismiss Count Two of Plaintiff's Complaint and dismiss all claims against all individual employees.

Respectfully submitted, this 24th day of February 2022.

*/s/ Lindsay M. McCall*
Lindsay M. McCall (PHV)
BAKER&HOSTETLER, LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309
Telephone: 404-946-9795
E-mail: lmccall@bakerlaw.com

Carrie Valdez
BAKER & HOSTETLER LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH 44114
Telephone: (216) 861-6729
Facsimile: (216) 696-0740
E-mail: cvaldez@bakerlaw.com

*Attorneys for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANT AMAZON.COM, INC.'S RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** has been electronically filed with the Clerk of Court using the CM/ECF system, which automatically sends electronic notifications to all attorneys of record.

This 24th day of February 2022.

>*/s/ Lindsay M. McCall*
>Lindsay M. McCall (PHV)
>
>*Attorneys for Defendant Amazon.com, Inc.*